UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**MOHAMMED A. TIPOO,** on behalf of himself and all others similarly situated,

                Plaintiff,

-vs.-

**TRUMP ENTERTAINMENT RESORTS, INC.** and **TRUMP PLAZA ASSOCIATES, LLC,**

                Defendants.

**COMPLAINT**

14 CV _____

**Class Action**

**Jury Demanded**

Comes now Mohammed A. Tipoo ("Tipoo" or "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

1. Plaintiff is bringing this class action against Trump Entertainment Resorts, Inc. ("Trump Entertainment") and Trump Plaza Associates, LLC ("Trump Plaza") (collectively "Defendants") for their violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (the "TCPA") and their violations of New York General Business Law ("GBL") § 399-p.

2. Defendants, using an autodialer, made two (2) calls to Plaintiff to his residential telephone and left prerecorded or artifical-voice messages advertising and encouraging the purchase of Defendants' goods and services at The Trump Plaza Hotel and Casino in Atlantic City, New Jersey, which is owned and operated by Defendants. These calls were made without Plaintiff's prior express permission, and the messages did not identify the address and the telephone number of the person on whose behalf the calls were being made. These calls violated the TCPA, which prohibits the making of any advertising or telemarketing telephone calls to a residential or cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express permission of the person to whom the call is made,

1

and New York General Business Law § 399-p, which prohibits any person from placing a telephone call using an automatic dialing-announcing device that does not state at the end of the message the address and telephone number of the person on whose behalf the call is being transmitted. For the past four years, Defendants made over 10,000 identical or substantially similar calls to the cellular or residential telephones of thousands of persons throughout the United States without obtaining the prior express consent of the persons being called. From October 16, 2013 onward, Defendants made thousands of identical or substantially similar calls to the cellular or residential telephones of thousands of persons throughout the United States without obtaining the prior express written consent of the persons being called.  For the past three years, Defendants made thousands of identical or substantially similar calls to thousands of persons in New York State.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4.      This Court also has supplemental jurisdiction over the GBL § 399-p claims in this case pursuant to 28 U.S.C. § 1367.

5.      Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

6.      Plaintiff is a citizen of New York state and resides in Queens, New York.

7.      Upon information and belief, Trump Entertainment is a Delaware corporation with its principal place of business located at 1000 Boardwalk, Atlantic City, New Jersey 08401.

8.      Upon information and belief, Trump Plaza is a New Jersey Limited Liability Company with its principal place of business located at 1000 Boardwalk, Atlantic City, New Jersey 08401.

9.      Upon information and belief, Defendants own and operate the Trump Plaza Hotel and Casino located at 2500 Boardwalk, Atlantic City, New Jersey 08401.

## STATUTORY BACKGROUND

### The TCPA

10.     The TCPA prohibits a person from initiating or causing to be initiated any telephone call that introduces an advertisement or constitutes telemarketing using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or residential telephone line, without the prior written express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii), (b)(1)(B); 47 C.F.R. §§ 64.1200(a)(1)(iii), (a)(2), (a)(3).

11.     The TCPA also requires that if a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority), as well as the telephone number of such business, must be stated.  47 C.F.R. §§ 64.1200(b)(1), (b)(2).

12.     The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and  (B) to dial such numbers." 47 U.S.C. § 227(a)(1). *Accord* 47 C.F.R. § 64.1200(f)(2).

13. The TCPA defines the term "advertisement" as "any material advertising the commercial availability or quality of any property goods, or services." 47 C.F.R. § 64.1200(f)(1).

14. The TCPA defines the term "telemarketing" as the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

15. Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

    A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

### GBL § 399-p

16. GBL § 399-p(3) provides that "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: (a) state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

17. GBL § 399-p(1)(a) defines "automatic dialing-announcing device" as "any automatic equipment which incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone number called without the use of an operator."

18. GBL § 399-p(9) provides that any person who receives a telephone call in violation of, among other things, GBL § 399-p(3), may bring a cause of action to enjoin such unlawful act or practice, to recover actual damages or statutory damages of $50, whichever is greater, and for reasonable attorney's fees and costs.

### DEFENDANTS' ILLEGAL CONDUCT

19. Upon information and belief, on or about May 13, 2014, Defendants used automatic equipment that incorporated a storage capability of telephone numbers to be called, and which worked alone or with other equipment, to disseminate a prerecorded message to call Plaintiff's residential telephone number, which was and remains 718-204-7784, and left the following message with a prerecorded or artificial voice: "[Unintelligible] Friday May 16th. If you received this message in error or would like to opt out of future calls, please press 7 now or call 1-877-340-4100 and provide the reference number 3624. Hi, this is Tom Wall director of marketing for Trump Plaza. I'm calling to tell you that we've added a sheet set gift for you on Friday May 16th. The sheet sets are in King, Queen sizes with limited quantities. To pick up your sheet set, earn 20 tier points on Friday, hand in at any kiosk between 3 and 8:45 P.M. to print your slip. Then present your slip at the gift pickup on the casino floor between 5 and 9 P.M. This is in addition to all your other offers. Plus you could win your share of 30,000 bonus slot dollars in our 30 winners in 3 days sweepstakes this Friday, Saturday and Sunday. And you

have two times slot dollars and comp dollars every day.  To view all your offers, visit your account at www.trumpplaza.com.  We look forward to seeing you this weekend."

20. Upon information and belief, on or about May 28, 2014, Defendants used automatic equipment that incorporated a storage capability of telephone numbers to be called, and which worked alone or with other equipment, to disseminate a prerecorded message to call Plaintiff's residential telephone number, which was and remains 718-204-7784, and left the following message with a prerecorded or artificial voice: "Hello it's Cathy Martinovich.  It's my 30th anniversary at Trump Plaza and I want to celebrate it with you this weekend.  Bear with me for a sec while I read the required legal (bold?) language.  If you have received this message in error or would like to opt out of future calls please press seven now or call 1-877-340-4100 and provide the reference number 3624.  Okay, now for the good part.  Join me for my 30th anniversary cocktail party this Friday from 7 P.M. to 10 P.M. at Roberto's. I have so many fond memories from over the years at the Plaza and I would love to share them with you.  On Friday and Saturday you will also earn two times tier points each day.  And on Saturday, three winners of three hundred bonus slot dollars will be selected every 30 minutes from 5 P.M. to 9 P.M.  It could be you.  For complete details on these and all your offers, please check your mailbox or your account online at wwwtrumpplaza.com.  See you this weekend."

21. Upon information and belief, the automatic equipment described in the two paragraphs above that made the calls to Plaintiff's residential telephone had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers.  Said automatic equipment shall hereinafter be referred to as "the autodialer".

22. Prior to the above telephone calls, Plaintiff never provided Defendants with express written or oral permission to make such telephone calls to him and/or his residential telephone phone number.

23. Upon information and belief, over the last four years, Defendants, using the autodialer, made over 10,000 telephone calls to cellular telephones and residential telephones of persons throughout the United States, and left messages that were identical or substantially similar to the messages described above that Defendants left for Plaintiff, with a prerecorded or artificial voice, without having received prior express consent from the called party to make such calls.

24. Upon information and belief, from October 16, 2013 to the present, Defendants, using the autodialer, made thousands of telephone calls to cellular telephones and residential telephones of persons throughout the United States, and left messages that were identical or substantially similar to the messages described above that Defendants left for Plaintiff, with a prerecorded or artificial voice, without having received prior express written consent from the called party to make such calls.

25. Upon information and belief, over the last three years, Defendants, using the autodialer, made over least 10,000 telephone calls to persons in New York, and left messages that were identical or substantially similar to the messages described above that Defendants left for Plaintiff with a prerecorded or artificial voice which messages did not state at the end the address and telephone number of the person on whose behalf the call was being transmitted.

## CLASS ALLEGATIONS

26. Plaintiff brings this class action for Defendants' violations of the TCPA and GBL 399-p, on behalf of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-

23(b)(3) of the Federal Rules of Civil Procedure.

27. Plaintiff seek to represent three classes of individuals ("the Classes") defined as follows:

**Class A:** All persons in the United States, from four years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom Defendants, using the autodialer, made a call or caused to be made a call to the person's cellular telephone or residential telephone and left a prerecorded or artifical-voice message identical or substantially similar to the messages Defendants left for Plaintiff descibed above, without obtaining the person's prior express consent.

**Class B:** All persons in the United States, from October 16, 2013 through the date of the filing of the instant Complaint, to whom Defendants, using the autodialer, made a call or caused to be made a call to the person's cellular telephone or residential telephone and left a prerecorded or artifical-voice message identical or substantially similar to the messages Defendants left for Plaintiff descibed above, without obtaining the person's prior express written consent.

**Class C:** All persons in New York State from three years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, whom Defendants called or caused to be made a call using the autodialer, where the calls contained a prerecorded message identical or substantially similar to the messages described above that Defendants left for Plaintiff which message did not state at the end the address and telephone number of the person on whose behalf the call was being transmitted.

28. <u>Numerosity</u>: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Classes' members through this class action will benefit both the parties and this Court.

29. Upon information and belief Classes A, B and C contain at a minimum thousands of members.

30. Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to Defendants' call records.

31. Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

32. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Classes. The claims of the Plaintiff and members of the Classes are based on the same legal theories and arise from the same unlawful conduct.

33. Defendants, using the autodialer, initiated or caused to be initiated at least one telephone call to Plaintiff's and each member of Class A's cellular telephone line or residential telephone line, which telephone call contained a pre-recorded and/or artificial voice message identical or substantially similar to the messages described above that Defendants left for Plaintiff, where Defendants did not receive prior express consent to make such call to the called party.

34. Defendants, using the autodialer, initiated or caused to be initiated at least one telephone call to Plaintiff's and each member of Class B's cellular telephone line or residential telephone line, which telephone call contained a pre-recorded and/or artificial voice message identical or substantially similar to the messages described above that Defendants left for Plaintiff, where Defendants did not receive prior express consent to make such call to the called

party.

35. Defendants, using the autodialer, initiated or caused to be initiated at least one telephone call to Plaintiff and each member of Class C, which contained a pre-recorded and/or artificial voice message identical or substantially similar to the messages described above that Defendants left for Plaintiff, which message did not state at the end the address and telephone number of the person on whose behalf the call was being transmitted.

36. <u>Common Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the classes.

37. The questions of fact and law common to Plaintiff and Class A predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of calling Plaintiff and the members of Class A using the autodialer with a precorded and/or artificial message identical or substantially similar to messages Defendants left for Plaintiff described above violated the TCPA?

(b) Whether Plaintiff and the members of Class A are entitled to statutory damages from Defendants under the TCPA?

(c) Whether Defendants' violations of the TCPA were willful or knowing?

(d) Whether Plaintiff and the members of Class A are entitled to up to triple statutory damages under the TCPA from Defendants for Defendants' willful and knowing violations of the TCPA?

(e) Whether Plaintiff and the members of Class A are entitled to multiple statutory damages (or multiple triple statutory damages for Defendants' willful and knowing violations of the TCPA) for each of Defendants' calls that violated multiple portions of the TCPA and the regulations thereunder?

(f) Whether Plaintiff and the members of the Class A are entitled to a permanent injunction under the TCPA enjoining Defendants from continuing to engage in their unlawful conduct?

38. The questions of fact and law common to Plaintiff and Class B predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of calling Plaintiff and the members of Class B using the autodialer with a precorded and/or artificial message identical or substantially similar to messages Defendants left for Plaintiff described above violated the TCPA?

(b) Whether Plaintiff and the members of Class B are entitled to statutory damages from Defendants under the TCPA?

(c) Whether Defendants' violations of the TCPA were willful or knowing?

(d) Whether Plaintiff and the members of Class B are entitled to up to triple statutory damages under the TCPA from Defendants for Defendants' willful and knowing violations of the TCPA?

(e) Whether Plaintiff and the members of Class B are entitled to multiple statutory damages (or multiple triple statutory damages for Defendants' willful and knowing violations of the TCPA) for each of Defendants' calls that violated multiple portions of the TCPA and the regulations thereunder?

(f) Whether Plaintiff and members of the Class B are entitled to a permanent injunction under the TCPA enjoining Defendants from continuing to engage in their unlawful conduct?

39. The questions of fact and law common to Plaintiff and Class C predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of calling Plaintiff and the members of Class C using the autodialer with a prerecorded and/or artificial message identical or substantially similar to messages Defendants left for Plaintiff described above violated GBL § 399-p?

(b) Whether Plaintiff and the members of Class C are entitled to statutory damages from Defendants under GBL § 399-p?

(c) Whether Plaintiff and members of the Class C are entitled to a permanent injunction under GBL § 399-p enjoining Defendants from continuing to engage in their unlawful conduct?

(d) Whether Plaintiff and members of Class C are entitled to reasonable attorney's fees, costs and expenses from Defendants under GBL 399-p for this action?

40. <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes.  Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts and class action litigation.

41. <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against

Defendants by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the classes. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

42. <u>Injunctive Relief</u>:  Defendants have acted on grounds generally applicable to Plaintiff and members of Classes A, B and C, thereby making appropriate final injunctive relief with respect to Plaintiff and the members of Classes A, B and C as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

43. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

44. By Defendants' above-described conduct,  Defendants committed more than 10,000 violations of the TCPA against Plaintiff and the members of Class A.

45. Accordingly, Plaintiff and the members of Class A are entitled to statutory damages from Defendants under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendants ordering them to cease their violations of the TCPA.

46. If it is found that Defendants willfully and/or knowingly violated the TCPA through their calls to Plaintiff and the members of Class A, Plaintiff and the members of Class A request an increase by the Court of the damage award against Defendants, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as

authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION

47. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

48. By Defendants' above-described conduct, Defendants committed more than 2,500 violations of the TCPA against Plaintiff and the members of Class B.

49. Accordingly, Plaintiff and the members of Class B are entitled to statutory damages from Defendants under 47 U.S.C. § 227(b)(3) of greater than $1,250,000 and an injunction against Defendants ordering Defendants to cease their violations of the TCPA.

50. If it is found that Defendants willfully and/or knowingly violated the TCPA through their calls to Plaintiff and the members of Class B, Plaintiff and the members of Class B request an increase by the Court of the damage award against Defendants, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $3,750,000.

## AS AND FOR A THIRD CAUSE OF ACTION

51. By Defendants' above-described conduct, Defendants committed over 10,000 violations of GBL § 399-p(3) against Plaintiff and the members of Class C.

52. Accordingly, Plaintiff and the members of Class C are entitled to statutory damages under GBL § 399-p(9) of greater than $500,000 plus attorney's fees, costs and expenses incurred in bringing this action.

53. In addition, Plaintiff and the members of Class C are entitled to an injunction

14

against Defendants ordering Defendants to cease its violations of GBL § 399-p.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. An order certifying the Classes and appointing Plaintiff as the representative of the Classes and appointing the law firm representing Plaintiff as counsel for the Classes;

B. An award to Plaintiff and the members of Class A of more than $5,000,000 against Defendants for their violations of the TCPA;

C. If it is found that Defendants willfully and/or knowingly made the telephone calls described herein to Plaintiff and the members of Class A, Plaintiff and the members of Class A request an increase by the Court of the damage award against Defendants, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

D. An injunction against Defendants, on behalf of Plaintiff and the members of Class A, prohibiting Defendant from violating the TCPA;

E. An award to Plaintiff and the members of Class B of more than $1,250,000 against Defendants for their violations of the TCPA;

F. If it is found that Defendants willfully and/or knowingly made the telephone calls described herein to Plaintiff and the members of Class B, Plaintiff and the members of Class B request an increase by the Court of the damage award against Defendants, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $3,750,000;

G. An injunction against Defendants, on behalf of Plaintiff and the members of Class B, prohibiting Defendant from violating the TCPA;

H. An award to Plaintiff and the members of the Class C of statutory damages in excess of $500,000 against Defendants pursuant to GBL § 399-p(9) for Defendants' violations GBL § 399-p(3);

I. An injunction against Defendants, on behalf of Plaintiff and the members of Class C, prohibiting Defendant from violating GBL § 399-p; and

J. An award to Plaintiff and the members of Class C against Defendants of attorney fees, costs and expenses incurred in bringing this action.

K. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
June 25, 2014

          Respectfully submitted,

          BELLIN & ASSOCIATES LLC

          /s/Aytan Y. Bellin
          By: Aytan Y. Bellin, Esq.
          Attorneys for Plaintiff and the Proposed Classes
          85 Miles Avenue
          White Plains, New York 10606
          Tel: (914) 358-5345
          Fax: (212) 571-0284
          E-mail: aytan.bellin@bellinlaw.com