UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MOHAMMED A. TIPOO, on behalf of
himself and all others similarly situated,

                      Plaintiff,

vs.

TRUMP ENTERTAINMENT RESORTS,
INC. AND TRUMP PLAZA ASSOCIATES,
LLC,

                      Defendants.

Civil Action No. 1:14-cv-3962 (WFK) (RER)

**ANSWER AND
AFFIRMATIVE
DEFENSES**

Defendants, Trump Entertainment Resorts, Inc. and Trump Plaza Associates, LLC ("Defendants"), by their undersigned counsel, answer the Complaint in this action as follows:

1.      Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring this action for alleged violations of the federal Telephone Consumer Protection Act, 42 U.S.C. § 227 et seq. (the "TCPA"), and New York General Business Law (the "GBL") § 399-p, but Defendants deny that they violated the TCPA, the GBL or any other federal or state law, and further deny that Plaintiff and/or any persons Plaintiff purports to represent are entitled to any relief whatsoever.

2.      Defendants are without sufficient information to fully respond to the allegations contained in paragraph 2 of the Complaint at this time and therefore the allegations are denied.

## ANSWER TO "JURISDICTION AND VENUE"

3.      Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.      Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in paragraph 5 of the Complaint.

## ANSWER TO "PARTIES"

6.      Defendants are without sufficient information to fully respond to the allegations contained in paragraph 6 of the Complaint at this time and therefore the allegations are denied.

7.      Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in paragraph 9 of the Complaint.

## ANSWER TO "STATUTORY BACKGROUND"

10.     The allegations contained in paragraph 10 of the Complaint constitute legal conclusions and therefore require no response.  To the extent they contain allegations of fault, they are denied.

11.     The allegations contained in paragraph 11 of the Complaint constitute legal conclusions and therefore require no response.  To the extent they contain allegations of fault, they are denied.

12.     The allegations contained in paragraph 12 of the Complaint constitute legal conclusions and therefore require no response.  To the extent they contain allegations of fault, they are denied.

13.     The allegations contained in paragraph 13 of the Complaint constitute legal conclusions and therefore require no response.  To the extent they contain allegations of fault, they are denied.

14.     The allegations contained in paragraph 14 of the Complaint constitute legal conclusions and therefore require no response.  To the extent they contain allegations of fault, they are denied.

15.     The allegations contained in paragraph 15 of the Complaint constitute legal conclusions and therefore require no response.  To the extent they contain allegations of fault, they are denied.

16.     The allegations contained in paragraph 16 of the Complaint constitute legal conclusions and therefore require no response.  To the extent they contain allegations of fault, they are denied.

17.     The allegations contained in paragraph 17 of the Complaint constitute legal conclusions and therefore require no response.  To the extent they contain allegations of fault, they are denied.

18.     The allegations contained in paragraph 18 of the Complaint constitute legal conclusions and therefore require no response.  To the extent they contain allegations of fault, they are denied.

### ANSWER TO "DEFENDANTS' ILLEGAL CONDUCT"

19.     Defendants are without sufficient information to fully respond to the allegations contained in paragraph 19 of the Complaint at this time and therefore the allegations are denied.

20.     Defendants are without sufficient information to fully respond to the allegations contained in paragraph 20 of the Complaint at this time and therefore the allegations are denied.

21.     Defendants are without sufficient information to fully respond to the allegations contained in paragraph 21 of the Complaint at this time and therefore the allegations are denied.

22.     Defendants are without sufficient information to fully respond to the allegations contained in paragraph 22 of the Complaint at this time and therefore the allegations are denied.

23.     Defendants are without sufficient information to fully respond to the allegations contained in paragraph 23 of the Complaint at this time and therefore the allegations are denied.

24. Defendants are without sufficient information to fully respond to the allegations contained in paragraph 24 of the Complaint at this time and therefore the allegations are denied.

25. Defendants are without sufficient information to fully respond to the allegations contained in paragraph 25 of the Complaint at this time and therefore the allegations are denied.

## ANSWER TO "CLASS ALLEGATIONS"

26. Defendants admit Plaintiff purports to bring this action for himself and on behalf of a class as alleged in paragraph 26 of the Complaint. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit Plaintiff purports to represent three classes of individuals as alleged in paragraph 27 of the Complaint. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants are without sufficient information to fully respond to the allegations contained in paragraph 29 of the Complaint at this time and therefore the allegations are denied.

30. Defendants are without sufficient information to fully respond to the allegations contained in paragraph 30 of the Complaint at this time and therefore the allegations are denied.

31. The allegations contained in paragraph 31 of the Complaint are not addressed to the Defendants and therefore require no response. To the extent they contain allegations of fact, they are denied.

32. Defendants are without sufficient information to fully respond to the allegations contained in paragraph 32 of the Complaint at this time and therefore the allegations are denied.

33. Defendants are without sufficient information to fully respond to the allegations contained in paragraph 33 of the Complaint at this time and therefore the allegations are denied.

34.     Defendants are without sufficient information to fully respond to the allegations contained in paragraph 34 of the Complaint at this time and therefore the allegations are denied.

35.     Defendants are without sufficient information to fully respond to the allegations contained in paragraph 35 of the Complaint at this time and therefore the allegations are denied.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

**ANSWER TO "FIRST CAUSE OF ACTION"**

43.     In answer to the allegations contained in paragraph 43 of the Complaint, Defendants repeat their responses to paragraphs 1 to 42 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     The allegations contained in paragraph 46 of the Complaint are not addressed to the Defendants and therefore require no response.  To the extent they contain allegations of fault, they are denied.

**ANSWER TO "SECOND CAUSE OF ACTION"**

47.     In answer to the allegations contained in paragraph 47 of the Complaint, Defendants repeat their responses to paragraphs 1 to 46 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     The allegations contained in paragraph 50 of the Complaint are not addressed to the Defendants and therefore require no response. To the extent they contain allegations of fault, they are denied.

## ANSWER TO "THIRD CAUSE OF ACTION"

51.     In answer to the allegations contained in paragraph 51 of the Complaint, Defendants repeat their responses to paragraphs 1 to 50 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

## ANSWER TO "PRAYER FOR RELIEF"

54.     Answering Plaintiff's "Prayer for Relief," Defendants deny that Plaintiff and/or any person that he purports to represent is entitled to any relief whatsoever as against Defendants, including, but not limited to, class certification, injunctive relief, actual, statutory, punitive or any other damages, costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

55.     Without taking on the burden of proof where it belongs to Plaintiff, Defendants alleges the following affirmative defense to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

56.     The Complaint fails to state a claim against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### Lack of Subject-Matter Jurisdiction

57.     The Court lacks subject-matter jurisdiction over this action.

## THIRD AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction

58.     The Court lacks personal jurisdiction over Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

59.     To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, which Defendants deny, Plaintiff has failed to mitigate those damages and his claims therefore are barred, in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

### Estoppel

60.     The Complaint is barred, in whole or in part, by Plaintiff's conduct, actions and inactions which amount to and constitute an estoppel of the claims and any relief sought thereby.

## SIXTH AFFIRMATIVE DEFENSE

### Waiver

61.     The Complaint, and each purported claim alleged therein, is barred by Plaintiff's conduct, actions and inactions which amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### Consent

62.     Defendants allege, based upon information and belief, that Plaintiff is barred, in whole or in part, from maintaining his alleged causes of action because he provided "prior express consent" within the meaning of the TCPA for all calls allegedly placed to his telephone number by any alleged automatic telephone dialing system.

## EIGHTH AFFIRMATIVE DEFENSE

### Ratification

63.      Plaintiff has ratified the conduct alleged in the Complaint and therefore is barred from recovery against Defendants.

## NINTH AFFIRMATIVE DEFENSE

### Standing

64.      The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that Plaintiff lacks standing to assert any claims against Defendants because Plaintiff has not had any dealings with Defendants, is not a customer of Defendants, and has not lost money or property or suffered any damages as a result of any conduct by Defendants.

## TENTH AFFIRMATIVE DEFENSE

### TCPA - Not Knowing Or Willful

65.      Plaintiff is precluded from any recovery from Defendants for a willful or knowing violation of the TCPA because any such violation, which Defendants deny occurred, would not have been willful or knowing.

## ELEVENTH AFFIRMATIVE DEFENSE

### GBL § 339-p - Not Knowing Or Willful

66.      Plaintiff is precluded from any recovery from Defendants for a willful or knowing violation of GBL § 399-p because any such violation, which Defendants deny occurred, would not have been willful or knowing.

## TWELFTH AFFIRMATIVE DEFENSE

### Due Process

67.     The imposition of liability and/or statutory damages under the TCPA or GBL §
399-p as sought in the Complaint would violate provisions of the United States Constitution,
including the Due Process Clause.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Improper Class Action

68.     This action is not maintainable as a class action under Rule 23 of the Federal
Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Reservation of Rights

69.     Defendants expressly reserves the right to assert such other and further
affirmative defenses as may be appropriate.

## JURY DEMAND

70.     Defendants demand trial by jury.

WHEREFORE, Defendants respectfully request judgment:

(a)  Denying all of Plaintiff's alleged claims and dismissing the Complaint against Defendants
with prejudice;

(b)  Awarding to Defendants their costs, attorneys' fees and disbursements; and

(c)  Granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        August 29, 2014

                                    Respectfully submitted,

                                    STROOCK & STROOCK & LAVAN LLP

                                    By: /s/ Monica Hanna_____
                                        Monica Hanna
                                    180 Maiden Lane
                                    New York, New York 10038-4982
                                    Tel.: (212) 806-5400
                                    Fax: (212) 806-6006
                                    Email: mhanna@stroock.com

                                        -and-

                                    DONNELLY CLARK
                                        John M. Donnelly
                                    1000 Boardwalk
                                    Atlantic City, New Jersey 08401
                                    Tel.: (609) 347-1199
                                    Email: jdonnelly@donnellyclark.com

                                    *Attorneys for Trump Entertainment Resorts,
                                    Inc. and Trump Plaza Associates, LLC*